**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Case No. 1:05cr225** |
| | ) | |
| **STEVEN J. ROSEN** | ) | |
| **KEITH WEISSMAN** | ) | |

## <u>ORDER</u>

_____Two non-parties — the Reporters Committee for Freedom of the Press ("Reporters Committee") and the Institute for Research: Middle Eastern Policy ("Institute for Research") — have requested leave to file briefs *amicus curiae* in relation to defendants' motion to dismiss the indictment on the ground that 18 U.S.C. § 793 is unconstitutional as applied to the defendants.

Defendants Rosen and Weissman are charged with violations of 18 U.S.C. § 793(e), which prohibits those with unauthorized possession of national defense information from communicating that information to persons not entitled to receive it when there is reason to believe that the information could be used to the injury of the United States, or to the advantage of a foreign country. *See* 18 U.S.C. § 793(e). During the relevant period, Rosen was employed as the Director of Foreign Policy Issues for the American Israel Public Affairs Committee ("AIPAC"). In this capacity, he lobbied U.S. government officials on issues relating to U.S. policy with regard to Israel and the Middle East. Weissman was employed as the Senior Middle East Analyst in the Foreign Policy Issues department at AIPAC. The government alleges that between 1999 and 2004, Rosen and Weissman received national defense information from their contacts within the U.S. government, and transmitted this information to foreign officials and to

members of the press, in violation of the statute.  Rosen is also charged with aiding and abetting

a communication of national defense information by one who is authorized to possess such

information to a person not entitled to receive it, in violation of 18 U.S.C. §§ 2, 793(d).

Defendants have challenged the constitutionality of 18 U.S.C. § 793(e) as it is applied to

defendants as alleged in the indictment.  *See* Memorandum of Law in Support of Defendants

Motion to Dismiss the Superceding Indictment. [Docket #169]. Specifically, defendants argue

that, as applied to them in this case, section 793 is unconstitutionally vague and violates the First

Amendment's guarantee of free speech.

The Reporters Committee, while not specifically taking a position on the as-applied

challenge to the statute, wishes to file a brief *amicus curiae* in order to assist the Court in

considering "the broad implications of the government's use of the statute under which the

defendants are charged, especially the extent to which that use would infringe on the rights of the

news media."

For its part, the Institute for Research has indicated that its *amicus curiae* brief, if

permitted, would present the following points:

1.  How AIPAC's organizational structure has evolved into a quasi intelligence
    service infiltrating the Executive Branch and Congress.

2.  How AIPAC's operations on behalf of Israel make it an agent of foreign
    influence.

3.  How AIPAC operations in the U.S. that promote ethnic cleansing of Palestinians
    and law-breaking overseas increase the potential of terrorist attacks against
    Americans.

*See* October 21, 2005 Letter from the Institute for Research, Re: Request to File Amicus Brief.

Non parties have no right to file *amicus curiae* briefs.  They may do so only if they

receive leave of court.  And in this regard, district courts have inherent discretion to allow or

deny the appearance of an amicus.  *See, e.g., Northern Sec. Co. v. United States,* 191 U.S. 555,

555-56 (1903); *United States v. Ahmed*, 788 F.Supp. 196, 198 n. 1 (S.D.N.Y. 1992).[1]  In general,

the cases reflect the sensible principle that an amicus brief will be allowed only when it will

materially assist the court in resolving the specific issues presented.  *See United States v. State of

Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) ("The position of classical amicus in litigation was

not to provide a highly partisan account of the facts, but rather to aid the court in resolving

doubtful issues of law."); *See United States v. Gotti*, 755 F.Supp. 1157, 1158 (E.D.N.Y. 1991).

To be sure, amicus briefs may be helpful in certain cases.  For example, when a party is not

adequately represented by counsel, or not represented at all, an amicus brief can help ensure the

proper functioning of the adversarial system.  *See Ryan v. Commodity Futures Trading

Commission*, 125 F.3d 1062,1063 (7th Cir. 1997); *American College of Obstetricians and

Gynecologists v. Thornburgh*, 699 F.2d 644, 645 (3rd Cir. 1983).  Amicus briefs may also be

helpful when the non party lacks a basis for intervention, but nonetheless possesses special

information or a unique perspective not otherwise available to the court that would materially aid

the court's decisional process.  *See, e.g., Northern Securities Co. v. United States*, 191 U.S. 555,

---

[1]Rule 29, F.R.A.P., which governs *amicus curiae* briefs in the circuit courts of appeal does not apply in district courts, but provides useful guidance.  According to the Rule, an amicus may only file a brief with leave of the court or with consent of the parties.  F.R.A.P. 29(a).  There is no Federal Rule of Criminal or Civil Procedure governing the filing of *amicus curiae* briefs in district courts (nor need there be).  Rule 29(b), F.R.A.P. requires an amicus to state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."  Similarly, the Supreme Court Rules state: "An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court.  An *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored."  Sup.Ct.R. 37.1

556 (1903); *National Organization for Women, Inc., v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000); *Ryan*, 125 F.3d at 1063; *United States v. Boeing Co.,* 73 F.Supp.2d 897, 900 (S.D.Ohio 1999).

None of these circumstances exist here.  Most importantly, the record reflects that the instant defendants are ably and energetically represented by counsel experienced in all facets of the case, including the constitutional challenge to § 793(e).  The record also reflects that government counsel are similarly able, energetic and experienced.  The parties' extensive briefs on the various constitutional arguments thoroughly cover the subject and assure that the issues, including the effect of the enforcement of § 793(e) on these defendants' First Amendment rights, have been fully explicated.  There is, in short, no persuasive reason to believe that defendants' as-applied constitutional challenge cannot be fully, fairly and appropriately resolved without the proposed amicus briefs.[2]

This is not to say that the two entities seeking amicus status do not have strong views about this prosecution or the statute's effect on their members' work.  No doubt they do, as indeed it is likely that so, too, do many other interest groups, including other associations or committees of lawyers, law professors, journalists, lobbyists, editorial writers and many others.  But the point is that this prosecution is not the appropriate procedural context in which various elements of society should debate the constitutional validity or wisdom of § 793(e).  Nor is this prosecution an appropriate venue for non parties to advocate certain alleged facts they believe to

_____

[2]In addition to its primary memorandum of law in support of its motion to dismiss the superceding indictment, the defendants submitted a factual appendix [Docket #170], and a supplement to the memorandum of law in support of their motion to dismiss the superceding indictment. [Docket #171].

be relevant to the case.  While this is not the appropriate forum for the expression of interest

group views, there are ample appropriate *fora* for doing so, including the media in all its myriad

forms, academia and, of course, the halls of Congress.  As the Seventh Circuit cogently put it,

"Amicus briefs are often attempts to inject interest-group politics into the federal appellate

process by flaunting the interest of a trade association or other interest group in the outcome of

the appeal." *Scheidler*, 223 F.3d at 615.

Accordingly, for these reasons, and for good cause,

It is hereby **ORDERED** that the Reporters Committee's and the Institute for Research's

motions for leave to file briefs *amicus curiae* are **DENIED.**

The clerk is directed to send a copy of this Order to all counsel of record and to the

Reporters' Committee and the Institute for Research.


_____/s/_____

Alexandria, VA                                                        T. S. Ellis, III
February 27, 2006                                               United States District Judge